## MORGAN v. KANSAS PACIFIC RAILWAY CO.

*( U. S. Circuit Court, S. D., New York — Bill in Equity --September 11, 1882.)*

INJUNCTION—ACCOUNTING—TRUSTEE. In an action for an injunction and an accounting upon a railroad income mortgage, the sole trustee under the mortgage was made a defendant, it being alleged in the bill that he had been requested to bring the action, and had refused. This allegation was controverted, and the trustee was not served with process, and did not appear: *Held*, that the suit could not be maintained, and the bill must be dismissed.   ·

The suit was brought to obtain an accounting and injunction upon an income railroad mortgage. The facts appear in the opinion.

BLATCHFORD, J., in delivering the opinion of the Court, said:

Benjamin W. Lewis is named in the bill as a defendant. The bill avers, that, during the several years last past, the defendant Lewis has duly become sole trustee under the income mortgage, and has been requested to bring an action for the accounting and injunction asked by the plaintiff herein, but he has neglected and failed to bring such action or comply with said request, and he is therefore made a defendant in this action. The averment as to the request to Lewis is controverted, but it is proved on the part of the plaintiff. It would be necessary to prove it, even though Lewis was served with process, or appeared. It is not alleged in the bill that he is beyond the jurisdiction of the Court, nor is the fact proved. The bill, it is true, describes Lewis as of the city of St. Louis, and as a citizen of the State of Missouri. But that is not sufficient. And even if it were shown that Lewis could not be found within this district to be served with process, there is nothing in Sec. 737 of the Revised Statutes which makes it proper for the Court to adjudicate the suit without the presence of Lewis, because the issue as to whether Lewis refused to sue, as stated, is one on which Lewis must be heard, and, under

Sec. 737, he cannot be concluded or prejudiced by a decree rendered in his absence. The statute cannot be construed so as to convert real parties and necessary parties into no parties at all. There is in this case no suit to adjudicate unless Lewis be plaintiff, or unless, if he be defendant, he be served to appear. Rule 47 in equity is to the same purport. It makes it discretionary with the Court to proceed, as does Sec. 737. For the foregoing reason, and without deciding, expressly or impliedly, any other question raised in the case, the only disposition that can now be made of the suit is to dismiss the bill with costs, but without prejudice to any other suit in any Court.

*Bill dismissed.*